**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

JOYCE S. CHAMBERS,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner,
Social Security Administration,

    Defendant.

Case No. 06-CV-520-FHM

## ORDER

Plaintiff, Joyce S. Chambers, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1] Plaintiff's May 8, 2003, protectively filed application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Stephen C. Calvarese was held July 13, 2005. By decision dated September 22, 2005, the ALJ entered the findings that are the subject of this appeal. The Appeals Council affirmed the findings of the ALJ on August 3, 2006. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

      Plaintiff was born November 30, 1955 and was 49 years old at the time of the hearing.  She has a high school education and formerly worked as assembly line worker, warehouse worker, janitor, parts identifier, deburrer, and food assembly worker.  She claims to have been unable to work since January 1, 2000, as a result of arthritis, knee problems and hypertension.  The ALJ determined that Plaintiff retains the ability to lift/carry 5-9 pounds frequently and 10 pounds occasionally, she can stand/walk for two hours of an 8-hour work day or sit for six hours.  She is limited to occasionally stooping, crouching, crawling, kneeling, balancing and climbing of stairs and ladders.  She cannot reach overhead and must keep both legs elevated below waist level for 15 minutes whenever seated.  Sitting and standing must be alternated as needed after 30 minutes of sitting and 10-15 minutes of standing. [R. 18].  These limitations prevent Plaintiff's performance of any of her past relevant work.  Based on the testimony of the vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations.  The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ: failed to properly analyze the medical evidence; failed to perform an appropriate credibility determination; and failed to consider the effects of Plaintiff's obesity. The Court concludes that the record contains substantial evidence supporting the ALJ's denial of benefits in this case, and that the ALJ applied the correct standards in evaluating the evidence. Therefore the Commissioner's denial of benefits is AFFIRMED.

Although Plaintiff argues that the ALJ failed to properly evaluate the medical record, she does not point the Court to any medical evidence she claims was not considered. The ALJ correctly noted that Plaintiff had two knee surgeries and that radiographic studies showed severe degenerative changes in her knees. [R. 17]. The Court finds no error in the ALJ's evaluation of the medical evidence.

Plaintiff claims that the ALJ failed to relate his credibility assessment to the evidence. The ALJ determined that Plaintiff's knee impairments are not as limiting as she alleges. The ALJ pointed specifically to Plaintiff's ability to drive, which involves use of her knees in operating the foot controls. He also noted that she worked for a number of years after her knees surgeries. [R. 18]. The Court notes that the ALJ's RFC findings are largely consistent with Plaintiff's testimony about her abilities. Plaintiff testified she can stand probably 10 minutes. [R. 384]. She sits with her legs elevated, [R. 389] and can lift only 5-8 pounds, [R. 398]. She takes pain pills, but has no side effects from them. [R. 385]. She sits for about 6 hours per day. [R. 82].

"Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence." *Diaz v. Sec'y of Health & Human Servs.,* 898 F.2d 774, 777 (10th Cir.1990).  The ALJ's credibility determinations "warrant particular deference" because "[t]he ALJ enjoys an institutional advantage in making the type of determination at issue here.  Not only does an ALJ see far more social security cases than do appellate judges, he or she is uniquely able to observe the demeanor ... of the claimant in a direct and unmediated fashion." *White v. Barnhart,* 287 F.3d 903, 910 (10th Cir.2001).  As long as the ALJ sets forth the specific evidence relied upon in evaluating Plaintiff's credibility, he is not required to make a "formalistic factor-by-factor recitation of the evidence."  *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).  In this case the ALJ set forth the specific evidence he relied upon in evaluating Plaintiff's credibility, and his determination on this matter is supported by substantial evidence in the record.

There is no merit to Plaintiff's contention that the ALJ failed to consider her obesity in accordance with the regulations.  The ALJ noted that Plaintiff was "considerably overweight, but she was otherwise healthy." [R. 17].  Plaintiff did not allege disability based on obesity, none of the medical evidence identified any specific restriction on her ability to work attributable to obesity.  Nor did Plaintiff attribute any of her restrictions to obesity in her testimony at the hearing.  Because there is no evidence regarding obesity in the record that the ALJ failed to consider or that the ALJ improperly considered, Plaintiff's contention of error on the part of the ALJ for failing to specifically identify obesity as a severe impairment at step two is without merit.  The record contains no evidence that obesity had "more than a minimal effect on [Plaintiff's] ability to do basic work activities." SSR 02-1P,

"Titles II and XVI: Evaluation of Obesity," 2000 WL 628049, at *4.

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The Court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

SO ORDERED this 9th day of October, 2007.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE